OPINION OF THE COURT
Per Curiam.
Final judgment entered February 18, 1992 affirmed, with $25 costs.
At the trial of this nuisance holdover, five tenants gave unrebutted testimony detailing repeated instances of tenant’s antisocial and abusive behavior, and the detrimental impact this conduct had upon their tenancies. Tenant, who suffers from schizophrenia, did not testify. Her psychiatrist described tenant’s course of treatment and medication; while he stated that, in his opinion, tenant was not violent, he did indicate that tenant was prone to "outbursts” which are characteristic of the illness, and that he "would expect past behavior to continue in the future”.
The determination at nisi prius that tenant’s conduct "does interfere substantially with the comfort and safety of her neighbors” finds ample support in the record. The numerous complaints of other tenants who have witnessed the disturbances caused by tenant in the building’s public areas, and who have been threatened by her, portray a pattern of objectionable conduct likely to recur (see, Frank v Park Summit Realty Corp., 175 AD2d 33, mod 79 NY2d 789). The Rent Stabilization Code permits an owner to recover possession of a housing accommodation where, as here, it has been established that the tenant is committing a nuisance in the premises (9 NYCRR 2524.3 [b]). Tenant’s argument that "unintentional” conduct precipitated by a mental illness cannot, as a matter of law, constitute a nuisance is not persuasive. Even assuming that tenant’s actions were involuntary, the dispositive issue in this proceeding is not tenant’s state of mind, but the nature of tenant’s conduct and its effect upon the comfort and safety of other tenants and building staff.
Parness, J. P., Miller and McCooe, JJ., concur.